# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-725V
UNPUBLISHED

| | |
|---|---|
| STACEY HOSPES,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 12, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On June 15, 2020, Stacey Hospes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") – as a result of her November 16, 2018 influenza ("flu") vaccination. Petition at 1. Petitioner further alleges the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Petition ¶¶ 2, 14-16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 7, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> [m]edical personnel at DICP [Division of Injury Compensation Programs, Department of Health and Human Services] have reviewed the facts of this case and concluded that petitioner's claim meets the Table criteria for SIRVA. Specifically, petitioner had no history of pain, inflammation or dysfunction of the affected shoulder prior to her vaccination that would explain the alleged symptoms and examination findings occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered;[3] and there is no other condition or abnormality present that would explain petitioner's symptoms. 42 C.F.R. § 100.3(a), (c)(10). Therefore, petitioner is entitled to a presumption of vaccine causation.

*Id.* at 5-6. Respondent further agrees that

> this case was timely filed, that petitioner received her vaccination in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D)(i). Thus, in light of the information contained in petitioner's medical records, respondent concedes that entitlement to compensation is appropriate under the terms of the Vaccine Act.

*Id.* at 6.

In view of Respondent's position and the evidence of record, I find that **Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Respondent notes in his Rule 4 (c) Report that "[a]lthough petitioner did not file any records documenting the site of vaccine administration, she consistently reported symptoms in her left shoulder and attributed these symptoms to her vaccination." Respondent's Rule 4(c) Report at 6 n6 (citing Pet. Exs. 2-3).